### BAHNSEN v. HORWITZ.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. TRIAL—EVIDENCE AFTER VERDICT.

> Where, in an action for damages for breach of a contract of sale, plaintiff's right to recover depended on certain assignments to him of the cause of action, and, on the assignments being objected to, the court reserved his ruling until after verdict, over defendant's objection, it was error for the court to receive the assignments in evidence after the rendition of a verdict in favor of the plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Christian Bahnsen against Alex Horwitz. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Max Silverstein, for appellant.
Walter S. Newhause, for respondent.

FREEDMAN, P. J. The complaint in this action alleges that the plaintiff and the defendant entered into a contract by the terms of which the plaintiff, as manufacturer's agent, contracted to deliver to defendant 300 pieces of goods known as "voiles." It then alleges performance of the contract on plaintiff's part, refusal of the defendant to accept but three pieces of the goods, a sale after notice to defendant, consequent loss upon such sale, and an assignment to the plaintiff from the Gera Mills, the manufacturers of the

goods, of the cause of action. Plaintiff, in the bills rendered to the defendant of the goods, is styled the "selling agent" of the .Gera Mills. No testimony was given on the trial tending to show that plaintiff was other than what he was so called, viz., "selling agent."

During the trial the plaintiff offered in evidence two assignments of this cause of action—one purporting to have been made by the Gera Mills, which recited that several named individuals were co-partners doing business as the Gera Mills, and assigning all causes of action they may have against the defendant herein to one Hal-terman. This instrument was signed, "Gera Mills, by C. Bahnsen, Attorney." The C. Bahnsen who signed such was evidently the plaintiff in this action. He acknowledged it before a notary, and in such acknowledgment stated that he executed it by virtue of a power of attorney duly executed by the assignees named; but no power of attorney was offered in evidence, and there was no proof that plaintiff had any authority to execute such an instrument, other than his statement aforesaid. The second assignment was from Halterman to this plaintiff. Near the close of the trial these so-called assignments were offered in evidence by the plaintiff, and the defendant objected as incompetent, immaterial, and irrelevant, not properly proven, and not a proper assignment. The court stated, in answer to such objection, that:

"I will reserve this for after the decision of the jury. Then we can give him an opportunity to correct the assignments. The matter of the assignments can be arranged afterwards."

The defendant excepted to this, and moved to dismiss the complaint upon the ground that the plaintiff had failed to prove a cause of action. This was denied. The case then went to the jury, who rendered a verdict in favor of the plaintiff. Defendant thereupon made a motion to set the verdict aside upon various grounds —among them, on the ground that plaintiff had failed to prove his cause of action—and, after considerable discussion relative to the assignments, the court said:

"Well, I will decide now that the assignments are good. I will receive them as evidence."

To this the defendant duly objected, and excepted to the ruling.

The receiving of these assignments as evidence after the rendition of the verdict was clearly error. The plaintiff's cause of action must be complete when he commences his action, and his proof must be complete and sufficient to warrant a verdict in his favor when his case is submitted to the jury. If a plaintiff can supply one missing link in his chain of evidence after the verdict is rendered, he might submit all the evidence in support of his claim at such a time. It needs no citation of authority to show that such cannot be done. Defendant's motion to dismiss should have been granted.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.